## In re MANTIA–ALLEN.

[Cite as *In re Mantia–Allen* (1996), 108 Ohio App.3d 302.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 15438.

Decided Jan. 12, 1996.

*Michael T. Hall,* for appellant Nichole Mantia.

*Mary Beth Caudill,* for appellant Jack S. Allen.

---

FREDERICK N. YOUNG, Judge.

Nichole Mantia, the natural mother of Ashley Mantia–Allen, appeals from the Montgomery County Probate Court's judgment overruling her motion to correct information on her daughter's personal data form.

In her sole assignment of error, Mantia claims the trial court erred by ruling that it lacked jurisdiction to correct allegedly inaccurate information on the form, which was filed with the natural father's acknowledgment of paternity. The form purports to change the child's name from Ashley Mantia–Allen to Ashley Allen. However, Mantia asserts that she did not consent to this change, and she argues that the trial court possesses jurisdiction to correct the error.

Acknowledgments of paternity are governed by R.C. 2105.18, which provides that a natural father may file an acknowledgment of paternity in probate court. R.C. 2105.18(A). Furthermore, once the acknowledgment of paternity is filed properly, the probate court "shall enter the acknowledgment upon its journal." *Id.* The effect of such a filing is that "[t]hereafter, the child is the child of the man who signed the acknowledgment of paternity, as though born to him in lawful wedlock * * *." *Id.*

As Mantia stresses, however, R.C. 2105.18 does not authorize the probate court to change a child's name. In fact, the statute is silent concerning an acknowledgment of paternity's effect on a child's surname. Nevertheless, a second provision, R.C. 3705.09, does address the issue. It provides that when a father acknowledges a child under R.C. 2105.18, "a new birth record shall be issued by the [Department of Health] which shall have the same overall appearance as the record which would have been issued under this section if a marriage had occurred before the birth of such child." R.C. 3705.09(G).

▉ Another provision, R.C. 3705.09(F), covers the content and appearance of birth records issued to parents who married before the child's birth. It provides: "If the mother of a child was married at the time of either conception or birth or between conception and birth, the child shall be registered in the surname *designated by the mother,* and the name of the husband shall be entered on the certificate as the father of the child." (Emphasis added.) Thus, reading R.C. 3705.09(G) and 3705.09(F) in conjunction reveals that the mother may decide, following the father's acknowledgment of paternity, what surname will appear on the child's new birth certificate.

In the present case, Mantia claims she never consented to changing Ashley's last name from Mantia–Allen to Allen. The personal data form indicating the change bears no signature by Ashley's parents or the probate judge. Furthermore, the sparse record in this case reveals no indication by the probate judge as to whether Mantia consented to the change. However, we need not decide whether the purported name change was proper or who initiated the change.

Mantia raised this issue in a motion to the probate court after the acknowledgment and personal data forms were filed and the probate court entered the acknowledgment on its journal. The probate court rejected the motion, however, declaring, without explanation, that it lacked "jurisdiction over these documents, other than the filing of the papers."

▉ We find the probate court's ruling erroneous. As explained above, probate courts possess jurisdiction to oversee acknowledgment-of-paternity actions. Furthermore, R.C. 2101.24(C) provides the probate court with "plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied" by the Revised Code. *Burris v. Grange Mut. Cos.* (1989), 46 Ohio St.3d 84, 94, 545 N.E.2d 83, 93, quoting R.C. 2101.24(C).

In the present case, review of the proposed paternity acknowledgment was properly before the probate court. See R.C. 2105.18. Furthermore, in her motion to the probate court, Mantia requested the correction of what she perceived as an error arising from those proceedings. While we express no opinion on the merits of her claim, we do believe that the probate court possesses jurisdiction to address her argument. Indeed, as Mantia contends, there can be no doubt that a probate court has jurisdiction to correct errors in records or documents filed in that court. See R.C. 2101.33 (stating that "[t]he probate court has the same power as the court of common pleas to vacate or modify its orders of judgments").

Consequently, we hold that the probate court has jurisdiction to consider whether the acknowledgment of paternity and accompanying personal data form

improperly purported to change Ashley's name. Furthermore, we decline Mantia's invitation to resolve this issue. Based upon the limited record and the specific assignment of error, we believe that this decision properly is left to the trial court. In the exercise of its discretion the probate court could treat Mantia's motion as a Civ.R. 60(A) motion to correct an error in its record. We believe Civ.R. 60(A) could provide the appropriate vehicle in this case.

Accordingly, we sustain Mantia's assignment of error, reverse the probate court's judgment, and remand the cause for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

FAIN and GRADY, JJ., concur.